1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LORE KAPLAN, | ) Case No.: 1:14-cv-00206 - AWI - JLT |
| | ) |
| Plaintiff, | ) ORDER VACATING THE HEARING DATE OF |
| | ) JANUARY 23, 2015 AND GRANTING |
| v. | ) PLAINTIFF'S MOTION TO AMEND THE |
| | ) COMPLAINT (Doc. 26) |
| COUNTY OF KERN, et al., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

Plaintiff Lore Kaplan seeks leave to file an amended complaint in this action, correcting the date of the underlying incident. (Doc. 26.)  Because the Court finds the matter is suitable for decision without oral arguments, the matter is taken under submission pursuant to Local Rule 23(g), and the hearing date of January 23, 2015 is **VACATED**.  For the reasons set forth below, Plaintiff's motion for leave to amend the complaint is **GRANTED**.

**I.      Background**

Plaintiff asserts the County of Kern its employee Gabriel Lopez are liable for violations of state and federal laws for an incident in March 2013.  In the complaint, Plaintiff alleged the incident occurred on March 10, 2013, and she now seeks to amend her complaint "to change the date of the incident from March 10, 2013 to March 25, 2013." (Doc. 26.)  Plaintiff reported that "Counsel for Defendant Gabriel Lopez agreed to stipulate to the proposed amendment" (*id.* at 4), and the County filed a notice of non-opposition to the motion on January 9, 2014 (Doc. 29).

1

## II.      Legal Standards

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Here, the County filed its answer on April 25, 2014 (Doc. 9), and Lopez filed his answer on June 4, 2014 (Doc. 13).  Therefore, Plaintiff requires either consent of the defendants or leave of the Court to file an amended complaint.

Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities."  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).  Consequently, the policy to grant leave to amend is applied with extreme liberality.  *Id.*

There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally."  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).  After a defendant files a responsive pleading, leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay."  *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakima Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

## III.     Discussion and Analysis

In evaluating a motion to amend under Rule 15, the Court may consider (1) whether the plaintiff has previously amended his complaint, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).  These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in

1  determining whether to grant leave to amend.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048,

2  1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the

3  opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th

4  Cir. 1990).

5  Here, the amendment sought is the first for Plaintiff.  Furthermore, it does not appear that

6  Plaintiff acted with undue delay in seeking the amendment, because Plaintiff reports that she received

7  discovery responses with the correct date on December 18, 2014.  (*See* Doc. 26 at 5.)  There is no bad

8  faith exhibited by Plaintiff seeking only to amend the complaint to indicate the correct date of the

9  alleged sexual assault occurred.  In addition, there is no showing that the amendment is futile.

10  Finally, the burden of establishing any prejudice is on the party opposing an amendment to the

11  complaint.   The burden of showing prejudice is on the party opposing an amendment to the complaint.

12  *DCD Programs*, 833 F.2d at 187; *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (9th Cir.

13  1977).   However, as noted above, the defendants do not oppose Plaintiff's motion.  Moreover, it does

14  not appear there is any prejudice to the defendants.

15  **IV.     Conclusion and Order**

16  Based upon the foregoing, the factors set forth by the Ninth Circuit weigh in favor of allowing

17  Plaintiff to amend her complaint.  *See Madeja*, 310 F.3d at 636.  Therefore, the Court is acting within

18  its discretion in granting the motion to amend.  *See Swanson*, 87 F.3d at 343.

19  According, **IT IS HEREBY ORDERED**:

20  1.     The hearing date of January 15, 2015 at 9:30 a.m. is **VACATED**;

21  2.     Plaintiff's motion to amend the complaint (Doc. 26) is **GRANTED**; and

22  3.     Plaintiffs **SHALL** file her First Amended Complaint within two court days of the date

23         of service of this Order.  Responsive pleadings are due within 21 days thereafter.

24

25  IT IS SO ORDERED.

26  Dated:   **January 12, 2015**                    **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE
27

28

3