UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORE KAPLAN, individually, | CASE NO. 1:14-CV-00206-AWI-JLT |
| Plaintiff, | PROTECTIVE ORDER |
| v. | (Doc. 40) |
| COUNTY OF KERN, a municipality; GABRIEL LOPEZ, an individual; and DOES 1 -10, inclusive, | |
| Defendants. | |

Before the Court is the request of the parties for a Protective Order.  After considering the

Stipulation between the parties, the Court orders the following Protective Order into effect:

1.      PURPOSES AND LIMITATIONS:

Disclosure and discovery activity in this action are likely to involve production of

confidential or private information for which special protection for public disclosure and from use

for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties

have requested the Court to enter the following Protective Order.  Good cause appearing, the

Court orders as follows:

This Order does not confer blanket protections on all disclosures or responses to discovery

and that the protection it affords from public disclosure and use extends only to the limited

information or items that are entitled to confidential treatment under the applicable legal

-1-

PROTECTIVE ORDER

1 principles.  As set forth in Section 12.3, below, this Protective Order does not entitle the parties to

2 file confidential information under seal.

3       2.      DEFINITIONS:

4       2.1      Challenging Party:  A Party or Non-Party that challenges the designation of

5 information or items under this Order.

6       2.2      "CONFIDENTIAL" Information or Items:  Information (regardless of how it is

7 generated, stored or maintained) or tangible things that qualify for protection under Federal Rules

8 of Civil Procedure 26(c).

9       2.3      Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as

10 well as their support staff).

11       2.4      Designating Party:  A Party or Non-Party that designates information or items that

12 it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

13       2.5      Disclosure or Discovery Material:  All items or information, regardless of the

14 medium or manner in which it is generated, stored, or maintained (including, among other things,

15 testimony, transcripts, and tangible things), that are produced or generated in disclosures or

16 responses to discovery in this matter.

17       2.6      Expert:  A person with specialized knowledge or experience in a matter pertinent to

18 the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

19 consultant in this action.

20       2.7      House Counsel:  Attorneys who are employees of a party to this action.  House

21 Counsel does not include Outside Counsel of Record or any other outside counsel.

22       2.8      Non Party:  Any natural person, partnership, corporation, association, or other legal

23 entity not named as a Party to this action.

24       2.9      Outside Counsel of Record:  Attorneys who are not employees of a party to this

25 action but are retained to represent or advise a party to this action and have appeared in this action

26 on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

27       2.10      Party:  Any party to this action, including all of its officers, directors, employees,

28 consultants, retained experts, and Outside Counsel of Record (and their support staffs).

PROTECTIVE ORDER

1       2.11    Producing Party:  A Party or Non-Party that produces Disclosure or Discovery

2  Material in this action.

3       2.12    Professional Vendors:  Persons or entitles that provide litigation support services

4  (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

5  organizing, storing, or retrieving data in any form or medium) and their employees and

6  subcontractors.

7       2.13    Protected Material:  Any Disclosure or Discovery Material that is designated as

8  "CONFIDENTIAL."

9       2.14    Receiving Party: A Party that receives Disclosure or Discovery Material from a

10  Producing Party.

11       3.     SCOPE:

12       The protections conferred by this Order cover not only Protected Material (as defined

13  above), but also (1) any information copied or extracted from Protected Material; (2) all copies,

14  excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations,

15  or presentations of Parties of their Counsel that might reveal Protected Material.  However, the

16  protections conferred by this Order do not cover the following information:  (a) any information

17  that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the

18  public domain after its disclosure to a Receiving Party as a result of publication not involving a

19  violation of this Order, including becoming part of the public record through trial or otherwise;

20  and (b) any information known to the Receiving Party prior to the disclosure or obtained by the

21  Receiving Party after the disclosure from a source who obtained the information lawfully and

22  under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at

23  trial shall be governed by a separate agreement or order.

24       4.     DURATION:

25       Even after final disposition of this litigation, the confidentiality obligation imposed by this

26  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

27  otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims

28  and defenses in this action, with or without prejudice; and (2) final judgment herein after the

PROTECTIVE ORDER

1  completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action,

2  including the time limits for filing any motions or applications for extension of time pursuant to

3  applicable law.

4          5.      DESIGNATING PROTECTED MATERIAL:

5          5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party

6  or Non-Party that designates information or items for protection under this Order must take care to

7  limit any such designation to specific material that qualifies under the appropriate standards.  The

8  Designating Party must designate for protection only those parts of materials, documents, items, or

9  oral or written communications that qualify – so that other portions of the materials, documents,

10 items, or communications for which protection is not warranted are not swept unjustifiably within

11 the ambit of this Order.

12         Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

13 shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

14 unnecessarily encumber or retard the case development process or to impose unnecessary

15 expenses and burdens on other parties) expose the Designating Party to sanctions.

16         If it comes to a Designating Party's attention that information or items that it designated

17 for protection do not qualify for protection, that Designating Party must promptly notify all other

18 Parties that it is withdrawing the mistaken designation.

19         5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order

20 (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

21 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

22 designated before the material is disclosed or produced.

23         Designation in conformity with this Order requires:

24         (a)     For information in documentary form (e.g., paper or electronic documents, but

25 excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

26 affix to legend "CONFIDENTIAL" to each page that contains protected material.  If only a

27 portion or portions of the material on a page qualifies for protection, the Producing Party also must

28 clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

-4-

PROTECTIVE ORDER

1    A Party or Non-Party that makes original documents or materials available for inspection

2 need not designate them for protection until after the inspecting Party has indicated which material

3 it would like copied and produced.  During the inspection and before the designation, all of the

4 material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting

5 Party has identified the documents it wants copied and produced, the Producing Party must

6 determine which documents, or portions thereof, qualify for protection under this Order.  Then,

7 before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL"

8 legend to each page that contains Protected Material.  If only a portion or portions of the material

9 on a page qualifies for protection, the Producing Party also must clearly identify the protection

10 portion(s) (e.g., by making appropriate markings in the margins).

11    (b)    For testimony given in deposition or in other pretrial or trial proceedings, that the

12 Designating Party identify on the record, before the close of the deposition, hearing, or other

13 proceeding, all protected testimony.

14    (c)    For information produced in some form other than documentary and for any other

15 tangible items, that the Producing Party affix in a prominent place on the exterior of the container

16 or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a

17 portion or portions of the information or item warrant protection, the Producing Party, to the

18 extent practicable, shall identify the protected portion(s).

19    5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

20 designate qualified information or items does not, standing alone, waive the Designating Party's

21 right to secure protection under this Order for such material.  Upon timely correction of a

22 designation, the Receiving Party must make reasonable efforts to assure that the material is treated

23 in accordance with the provisions of this Order.

24    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS:

25    6.1    Timing of Challenges.  Any Party may challenge a designation of confidentiality at

26 any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is

27 necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a

28

PROTECTIVE ORDER

1    significant disruption or delay of the litigation, the challenge must be brought within a reasonable

2    time or it is waived.

3          6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution

4    process by providing written notice of each designation it is challenging and describing the basis

5    for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written

6    notice must recite that the challenge to confidentiality is being made in according with this

7    specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in

8    good faith and must begin the process by conferring directly (in voice to voice dialogue; other

9    forms of communication are not sufficient) within 14 days of the date of service of notice.  In

10   conferring, the Challenging Party must explain the basis for its belief that the confidentiality

11   designation was not proper and must give the Designating Party an opportunity to review the

12   designated material, to reconsider the circumstances, and, if no change in designation is offered, to

13   explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage

14   of the challenge process only if it has engaged in this meet and confer process first or establishes

15   that the Designating Party is unwilling to participate in the meet and confer process in a timely

16   manner.

17         6.3     Judicial Intervention.  If the Parties cannot resolve a challenge after meeting and

18   conferring, the Challenging Party SHALL initiate an informal, telephonic conference with the

19   assigned Magistrate Judge as required by the scheduling order.  At that conference, the Court will

20   attempt to resolve the matter within need for formal motion practice.  If, in the Court's view, the

21   matter can only be resolved through formal motion practice, the Court will authorize the

22   Challenging Party to file a motion which SHALL comply with Local Rule 251(c).

23         As with motions to compel, the Challenging Party SHALL bear the initial burden of

24   demonstrating that the Designating Party has improperly marked the material as confidential.  If

25   this showing is made, the burden will shift and as with motions for protective orders under Federal

26   Rules of Civil Procedure 26(c), the burden of establishing the need for the confidentiality – as with

27   any evidentiary privilege – must be borne by the Designating Party who is asserting it.  Frivolous

28   challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary

-6-

PROTECTIVE ORDER

1  expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All parties

2  shall continue to afford the material in question the level of protection to which it is entitled under

3  the Producing Party's designation until the court rules on the challenge.

4          7.      ACCESS TO AND USE OF PROTECTED MATERIAL:

5          7.1      Basic Principles.  A Receiving Party may use Protected Material that is disclosed or

6  produced by another Party or by a Non-Party in connection with this case only for prosecuting,

7  defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to

8  the categories of persons and under the conditions described in this Order.  When the litigation has

9  been terminated, a Receiving Party must comply with the provisions of Section 13 before (FINAL

10 DISPOSITION).

11          Protected Material must be stored and maintained by a Receiving Party at a location and in

12 a secure manner that ensures that access is limited to the persons authorized under this Order.

13          7.2      Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered

14 by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

15 information or item designated "CONFIDENTIAL" only to:

16          (a)      The Receiving Party's Outside Counsel of Record in this action, as well as

17 employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

18 information for this litigation and who have signed the "Acknowledgment and Agreement to Be

19 Bound" that is attached hereto as Exhibit "A."

20          (b)      The officers, directors, and employees (including House Counsel) of the Receiving

21 Party to whom disclosure is reasonably necessary for this litigation and who have signed the

22 "Acknowledgment and Agreement to Be Bound" (Exhibit "A").

23          (c)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is

24 reasonably necessary for this litigation and who have signed the "Acknowledgment and

25 Agreement to Be Bound" (Exhibit "A").

26          (d)      The court and its personnel.

27

28

PROTECTIVE ORDER

1        (e)      Court reporters and their staff, professional jury or trial consultants, mock jurors,

2    and Professional Vendors to whom disclosure is reasonably  necessary for this litigation and who

3    have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit "A").

4        (f)      During their depositions, witnesses in the action to whom disclosure is reasonably

5    necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

6    "A"), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of

7    transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

8    separately bound by the court reporter and may not be disclosed to anyone except as permitted

9    under this Protective Order.

10       (g)      The author or recipient of a document containing the information or a custodian or

11   other person who otherwise possessed or knew the information.

12       8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

13   OTHER LITIGATION:

14       If a Party is served with a subpoena or a court order issued in other litigation that compels

15   disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

16   must:

17       (a)      Promptly notify in writing the Designating Party.  Such notification shall include a

18   copy of the subpoena or court order.

19       (b)      Promptly notify in writing the party who caused the subpoena or order to issue in

20   the other litigation that some or all of the material covered by the subpoena or order is subject to

21   this Protective Order.  Such notification shall include a copy of this Protective Order.

22       (c)      Cooperate with respect to all reasonable procedures sought to be pursued by the

23   Designating Party whose Protected Material may be affected.

24       If the Designating Party timely seeks a protective order, the Party served with the subpoena

25   or court order shall not produce any information designated in this action as "CONFIDENTIAL"

26   before a determination by the court from which the subpoena or order issued, unless the Party has

27   obtained the Designating Party's permission.  The Designating Party shall bear the burden and

28   expense of seeking protection in that court of its confidential material – and nothing in these

1    provisions should be construed as authorizing or encouraging a Receiving Party in this action to

2    disobey a lawful directive from another court.

3         9.        A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN

4    THIS LITIGATION:

5         (a)       The terms of this Order are applicable to information produced by a Non-Party in

6    this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in

7    connection with this litigation is protected by the remedies and relief provided by this Order.

8    Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

9    additional protections.

10        (b)       In the event that a Party is required, by a valid discovery request, to produce a Non-

11   Party's confidential information in its possession, and the Party is subject to an agreement with the

12   Non-Party not to produce the Non-Party's confidential information, then the Party shall:

13        (1)       Promptly notify in writing the Requesting Party and the Non-Party that some or all

14   of the information requested is subject to a confidentiality agreement with a Non-Party.

15        (2)       Promptly provide the non-Party with a copy of the Protective Order in this

16   litigation, the relevant discovery request(s), and a reasonably specific description of the

17   information requested.

18        (3)       Make the information requested available for inspection by the Non-Party.

19        (c)       If the Non-Party fails to object or seek a protective order from this court within 14

20   days of receiving the notice and accompanying information, the Receiving Party may produce the

21   Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely

22   seeks a protective order, the Receiving Party shall not produce any information in its possession or

23   control that is subject to the confidentiality agreement with the Non-Party before a determination

24   by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and

25   expense of seeking protection in this court of its Protected Material.

26        10.       UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL:

27        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

28   Material to any person or in any circumstance not authorized under this Protective Order, the

-9-

PROTECTIVE ORDER

1   Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

2   disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

3   inform the person or persons to whom unauthorized disclosures were made of all the terms of this

4   Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

5   Be Bound" that is attached hereto as Exhibit "A."

6          11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

7   PROTECTED MATERIAL:

8          When a Producing Party gives notice to Receiving Parties that certain inadvertently

9   produced material is subject to a claim of privilege or other protection, the obligations of the

10  Receiving Parties are those set forth in Federal Rules of Civil Procedure 26(b)(5)(B).  This

11  provision is not intended to modify whatever procedure may be established in an e-discovery order

12  that provides for production without prior privilege review.  Pursuant to Federal Rules of Evidence

13  502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

14  communication or information covered by the attorney-client privilege or work product protection,

15  the parties may incorporate their agreement in the stipulated protective order submitted to the

16  court.

17         12.     MISCELLANEOUS:

18         12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to

19  seek its modification by the court in the future.

20         12.2    Right to Assert Other Objections.  The entry of this Protective Order does not

21  imply any Party's waiver of any right it otherwise would have to object to disclosing or producing

22  any information or item on any ground not addressed in this Protective Order.  Similarly, no Party

23  waives any right to object on any ground to use in evidence of any of the material covered by this

24  Protective Order.

25         12.3    Filing Protected Material.  Without written permission from the Designating Party

26  or a court order secured after appropriate notice to all interested persons, a Party may not file in a

27  public record in this action any Protected Material.  A Party that seeks to file under seal any

28  Protected Material must comply with the applicable local rules.  Protected Material may only be

PROTECTIVE ORDER

1  filed under seal pursuant to a court order authorizing the sealing of the specific Protect Material at

2  issue.  A sealing order will be issued only upon a request establishing that the Protected Material

3  at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the

4  law.  If a Receiving Party's request to file Protected Material under seal is denied by the court,

5  then the Receiving Party may file the information in the public record unless otherwise instructed

6  by the court.

7       13.    FINAL DISPOSITION:

8       Within 60 days after the final disposition of this action, as defined in paragraph 4, each

9  Receiving Party must return all Protected Material to the Producing Party or destroy such material.

10  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

11  summaries, and any other format reproducing or capturing any of the Protected Material.  Whether

12  the Protected Material is returned or destroyed, the Receiving Party must submit a written

13  certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

14  by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected

15  Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained

16  any copies, abstracts, compilations, summaries or any other format reproducing or capturing any

17  of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an

18  archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

19  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product,

20  and consultant and expert work product, even if such materials contain Protected Material.  Any

21  such archival copies that contain or constitution Protected Material remain subject to this

22  Protective Order as set forth in Section 4 (DURATION).

23

IT IS SO ORDERED.

24

25    Dated:    **October 5, 2015**          **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE

26

27

28

PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, [print or type full name] of

_____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Protective Order that was issued by the United State District Court for the Eastern

District of California on [date] in the case of Lore Kaplan vs. County of Kern, Case No. 1:14-CV-

00206-AWI-JLT.  I agree to comply with and to be bound by all the terms of this Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Protective Order to any person or entity except to

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Protective Order, even

if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with this action or

any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

-12-

PROTECTIVE ORDER