UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORE KAPLAN, individually,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF KERN, a municipality;<br>GABRIEL LOPEZ, an individual; and<br>DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | No. 1:14-cv-00206-DAD-JLT<br><br>ORDER SUBSTITUTING WENDY KAPLAN AS SUCCESSOR IN INTEREST FOR PLAINTIFF LORE KAPLAN<br><br>(Doc. No. 44) |

The operative first amended complaint in this civil rights action brought pursuant to 42 U.S.C. § 1983 claims that plaintiff Lore Kaplan's rights under the United States Constitution and California state law were violated when she was allegedly sexually assaulted by Kern County Sheriff's Deputy Gabriel Lopez, on or about March 25, 2013. (Doc. No. 31, at 2.) On April 22, 2016, plaintiff's counsel filed a motion to substitute plaintiff's daughter Wendy Kaplan as successor in interest for the recently deceased plaintiff, Lore Kaplan, pursuant to Federal Rule of Civil Procedure ("Rule") 25 and California Code of Civil Procedure 377.32. (Doc. No. 44.) On June 7, 2016, the court heard oral argument on the motion. Attorney Neil Gehlawat appeared for the plaintiff and moving party. Attorney Oliver Robinson appeared for defendant Lopez and Deputy County Counsel Judith Denny appeared for defendant County of Kern. For the reasons that follow, the motion to substitute will be granted.

1    Rule 25 of the Federal Rules of Civil Procedure, governing the substitution of parties,

2 provides in relevant part as follows:

3    (a) Death

4    (1) Substitution if the Claim Is Not Extinguished.  If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

8 Thus, in deciding a motion to substitute under Rule 25, a court must consider whether: (1) the

9 motion is timely; (2) the claims pled are not extinguished; and (3) the person being substituted is

10 a proper party. *See Savoy v. Schlachter*, No. 2:13-cv-00014-JAM-AC, 2014 WL 3689365, at *1

11 (E.D. Cal. July 24, 2014).  If these conditions are met the court has discretion to order the

12 substitution of the proper party. *See Anderson v Yungkau*, 329 US 482 (1947) (*superseded by*

13 *statute on other grounds as stated in Al-Jundi v Estate of Rockefeller*, 757 F. Supp. 206 (W.D.

14 N.Y. 1990).

15    In this case, the motion is timely.  Rule 25(a)(1) "requires two affirmative steps to trigger

16 the running of the 90 day period." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).  The first

17 step is to formally suggest the death of the party upon the record. *Id*.  The second step is to serve

18 other parties and nonparty successors or representatives of the deceased with a statement of death

19 in the same manner as required for service of the motion to substitute. *Id*.  Nothing in the record

20 prior to the filing of this motion suggested the death of plaintiff Lore Kaplan.  In addition, the

21 motion to substitute was brought within ninety days of Lore Kaplan's death.  The ninety day

22 period provided by Rule 25 has, therefore, indisputably not expired.

23    Further, the claims pled in the first amended complaint have not been extinguished.

24 Generally, the law of the forum state determines whether § 1983 action survives or is

25 extinguished upon the death of a party. *See* 42 U.S.C. § 1988(a); *Robertson v. Wegmann*, 436

26 U.S. 584, 592 (1978).  In California, "a cause of action for or against a person is not lost by

27 reason of the person's death, but survives subject to the applicable limitations period." Cal. Code

28 Civ. Proc. § 377.20(a).  Since the forum state here is California and the only claims presented are

brought pursuant to § 1983 and California state law, the death of the plaintiff did not extinguish the action.

Defendants argue that California Code of Civil Procedure § 377.34 prohibits pain and suffering damages in a survival action.[1] (Doc. No. 52, at 5.) Defendants also argue that plaintiff has presented no evidence supporting the award of special damages in this case and that the award of nominal damages would not justify the award of attorney fees. (*Id*. at 4–8.) Defendant has presented no authority for the court to exercise its discretion with respect to substitution on the basis of the categories of damages available. In any event, the court declines to do so.

Finally, Wendy Kaplan is a "proper party." Rule 25(a)(1) requires only that plaintiff provide evidence that Wendy Kaplan is decedent's successor in interest or legal representative. *See Savoy*, 2014 WL 3689365, at *2 (citing *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996)). The California Code of Civil Procedure also provides that:

> The person who seeks . . . to continue a pending action or proceeding as the decedent's successor in interest under this article shall execute and file an affidavit or declaration under penalty of perjury under the laws of this state stating all of the following:
>
> (1) The decedent's name.
>
> (2) The date and place of the decedent's death.
>
> (3) "No proceeding is now pending in California for administration of the decedent's estate."
>
> (4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest.
>
> (5) Either of the following, as appropriate, with facts in support thereof:
>
> > (A) "The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California

---

[1] Section 377.34 does so, it would appear, only to the extent that the violation of federal law did not cause the decedent's death. *Compare Robertson v. Wegmann*, 436 U.S. 584, 592–3 (1978) *with Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1104–5 (9th Cir. 2014) ("The Court's statement in *Robertson* that § 1983 does not require compensation to the decedent's estate was made in a case where the alleged violation of federal law did not cause the decedent's death. . . . Section 377.34 [] does not apply to § 1983 claims where the decedent's death was caused by the violation of federal law.")

3

> Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding."
>
> (B) "The affiant or declarant is authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding."
>
> (6) "No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding."
>
> (7) "The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct."

Code Civ. Proc. § 377.32(a). Additionally, a certified copy of the decedent's death certificate must be attached to this affidavit or declaration. *Id*. at § 377.32(c).

Here, Wendy Kaplan has submitted the required declaration providing the necessary information. (Doc. No. 44-1.) Plaintiff Lore Kaplan died on January 24, 2015 in Albany, Oregon, while this lawsuit was pending. (*Id*.) No proceeding is now pending in California or Oregon for administration of Lore Kaplan's estate. (*Id*.) Wendy Kaplan is one of her mother's successors in interest, as defined in Section 377.11 of the California Code of Civil Procedure, and she succeeds to her mother's interest in this action or proceeding. (*Id*.) No person has a superior right to commence the action or proceeding or to be substituted for Lore Kaplan in this pending action or proceeding. (*Id*.) Plaintiff's counsel has also filed with the court a certified copy of the death certificate of Lore Kaplan, indicating that Lore Kaplan did in fact pass away on January 24, 2016 in Albany, Oregon and that Wendy Kaplan is indeed her daughter. (Doc. No. 44-2.) Accordingly, the court finds that Wendy Kaplan is a "proper party."

/////
/////
/////
/////
/////
/////

For all of the reasons set forth above,

1) The motion to substitute (Doc. No. 44) is granted;

2) Wendy Kaplan is substituted as successor in interest for plaintiff Lore Kaplan; and

3) The Clerk of the Court is directed to amend the docket to reflect the substitution of Wendy Kaplan as successor in interest for plaintiff Lore Kaplan.

IT IS SO ORDERED.

Dated:  **June 7, 2016**           /s/ Dale A. Drozd

UNITED STATES DISTRICT JUDGE